Olga Aleinik Esq.
Aleinik Law Firm, PLLC
620 Fifth Avenue, 2 Floor,
New York, NY 10020
Tel: 718-909-1989
Email: oaleinik@aleiniklaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

| | |
|---|---|
| In re: | Case No.: 1-25-41152-JMM |
| | Chapter 11 |
| Galina Grigoryevna Goldberg, | |
| Debtor. | |

-------------------------------------------------------X

**NOTICE OF A MOTION TO DISMISS**
**A CHAPER 11 CASE OF GALINA GRIGORYEVNA GOLDBERG**

**PLEASE TAKE NOTICE** that a hearing on the annexed Motion, dated March 11, 2026 (the "Motion") of Galina Grigoryevna Goldberg, Debtor and Debtor in Possession in the above-captioned chapter 11 case, for entry of an order pursuant to Sections 105(a) and 1112(b) of Title 11 of the United States Code and Rule 1017(a) of the Federal Rules of Bankruptcy Procedure to dismiss this Chapter 11 case, will be held before the Honorable Jil Mazer-Marino, United States Bankruptcy Judge, on **April 22, 2026 at 11:00 A.M.,** in the United States Bankruptcy Court –Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York 11201. The parties may appear in person, by phone, or by videoconference for hearing. Regardless of whether a hearing is by phone, videoconference, or in person, all hearing participants must register with eCourt Appearances in advance of all telephonic and videoconference appearances (https://www.nyeb.uscourts.gov/registering-remote-hearing-appearance-using-ecourt-appearances). Once registered, eCourt Appearances will email the telephone number and video link for your hearing. You may register for hearings weeks in advance, but the telephone number video

link will not be sent to you until **48 hours before the hearing date**. Those registering with eCourt Appearances for hearings less than 48 hours in advance should allow up to 15 minutes after registration to receive the email with the telephone number and video link. Those unable to access eCourt Appearances must email Judge Mazer-Marino's Courtroom Deputy at: jmm_hearings@nyeb.uscourts.gov at least two (2) business days prior to the hearing. Your email must include your name, the case number(s), who you represent (if you are an attorney), hearing date, and phone number.

**PLEASE TAKE FURTHER NOTICE** that any objection to the within Motion must be in writing and must state with particularity the grounds of the objection. The objection must be filed with the Clerk of the Bankruptcy Court electronically at www.nyeb.uscourts.gov, and a copy of the objection must be served upon the undersigned counsel for the debtor so as to be received no later than seven (7) days before the hearing date.

Dated: March 11, 2026
Brooklyn, New York

*/s/ Olga Aleinik*

Olga Aleinik
Aleinik Law Firm, PLLC
620 Fifth Avenue, 2 Floor,
New York, NY 10020
718-909-1989
Email: oaleinik@aleiniklaw.com

Olga Aleinik Esq.
Aleinik Law Firm, PLLC
620 Fifth Avenue, 2 Floor,
New York, NY 10020
Tel: 718-909-1989
Email: oaleinik@aleiniklaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re: Case No.: 1-25-41152-JMM
Chapter 11

Galina Grigoryevna Goldberg,

Debtor.
--------------------------------------------------------X

**DEBTOR'S MOTION TO VOLUNTARILY DISMISS CHAPTER 11 CASE OF GALINA GRIGORYEVNA GOLDBERG**

**TO THE HONORABLE JIL MAZER-MARINO,
UNITED STATES BANKRUPTCY JUDGE:**

The Debtor, Galina Grigoryevna Goldberg, Debtor and Debtor-in-Possession (referred to herein as the "Debtor"), by undersigned counsel, Olga Aleinik Esq., of the Aleinik Law Firm, PLLC., respectfully requests that the above-captioned Chapter 11 case be dismissed, pursuant to 11 U.S.C. § 1112(b)(1), and in support thereof avers as follows:

## BACKGROUND AND PROCEDURES

1. On March 10, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, with the United States Bankruptcy Court for the Eastern District of New York. *See ECF Doc. No. 1.*

2. Under Bankruptcy Code §§ 1107 and 1108, the Debtor retains possession of

her assets and is authorized, as the Debtor in Possession, to continue to operate and manage her business.

3. From the filing of this bankruptcy case, Debtor has consistently and timely filed all Monthly Operational Reports pursuant to the rules of the Bankruptcy Court. As well, the Debtor is up to date with all the payments of the quarterly fees to the US Trustee's Office as debtor in possession.

4. No trustee or examiner has been appointed in this chapter 11 case.

## JURISDICTION

5. This Court has jurisdiction over this proceeding under chapter 11 of the Bankruptcy Code, pursuant to 28 U.S.C. §§151, 157 and 1334.

6. Venue in this Court is proper, pursuant to 28 U.S.C. §§ 1408 and 1409.

7. This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A), (B) and (O).

## RELIEF REQUESTED

8. Section 1112(b)(1) of the Bankruptcy Code provides:

. . . on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of the creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

9. Although courts tend to view voluntary dismissals of chapter 11 cases with some skepticism, the Second Circuit has determined that a "totality of the circumstances" analysis is warranted.

10. "Where . . . a debtor moves for dismissal, courts in this circuit have determined whether cause exists by looking at 'whether dismissal would be in the best interest of all parties in interest.' We agree that this is the appropriate analysis. The best interest of the debtor 'lies generally in securing an effective fresh start upon discharge and in the reduction of administrative expenses leaving him with resources to work out his debts.' With regard to creditors, the issue is typically one of prejudice: '[C]reditors can be prejudiced if the motion to dismiss is brought after the passage of a considerable amount of time and they have been forestalled from collecting the amounts owed to them. A prejudicial delay also creates the appearance that such an abusive practice is implicitly condoned by the Code.'" *In re Smith*, 507 F.3d 64, 72 (2d Cir. 2007) (quoting *In re Dinova*, 212 B. R. 437, 441-42 (B.A.P. 2nd Cir. 1997) (citing *In re Schwartz*, 58 B. R. 923, 925 (Bankr. S.D.N.Y. 1986); *In re Hull*, 339 B. R. 304, 307 (Bankr. E.D.N.Y. 2006)).

11. During the pendency of the instant case, Galina Grigoryevna Goldberg, the Debtor herein, worked diligently to obtain ballots and confirm a consensual Chapter 11 plan of reorganization. Notwithstanding the Debtor's efforts, she was not able to obtain a consenting ballot in favor of his Chapter 11 plan of reorganization. Therefore, the Debtor has made decision to voluntarily dismiss the instant Chapter 11 case, in order to file a new bankruptcy case under Subchapter V Chapter 11 and proceed with a non-consensual confirmation of Subchapter V Chapter 11 plan.

12. Therefore, the Debtor respectfully requests that the case should be dismissed, rather than converted, as a conversion would incur significant administrative costs to the estate of the Debtor, and inadvertently result in a lower distribution to the Creditors of the estate.

13. In light of the above stated, the Debtor is respectfully seeking dismissal of the case. The Debtor believes that said dismissal is in the best interest of estate and Creditors.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order, in a form similar to the attached Proposed Order, dismissing chapter 11 case of Galina Grigoryevna Goldberg, pursuant to 11 U.S.C. § 1112 (b)(1), and for such other and further relief as the Court deems just and proper.

Dated: March 11, 2026
Brooklyn, New York

*/s/ Olga Aleinik*
Olga Aleinik
Aleinik Law Firm, PLLC
620 Fifth Avenue, 2 Floor,
New York, NY 10020
718-909-1989
Email: oaleinik@aleiniklaw.com

Olga Aleinik Esq.
Aleinik Law Firm, PLLC
620 Fifth Avenue, 2 Floor,
New York, NY 10020
Tel: 718-909-1989
Email: oaleinik@aleiniklaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

In re: Case No.: 1-25-41152-JMM
Chapter 11

Galina Grigoryevna Goldberg,

Debtor.

-------------------------------------------------------X

**AFFIRMATION IN SUPPORT OF DEBTOR'S MOTION TO VOLUNTARILY DISMISS CHAPTER 11 CASE OF GALINA GRIGORYEVNA GOLDBERG**

The Debtor, Galina Grigoryevna Goldberg, Debtor and Debtor-in-Possession (referred to herein as the "Debtor"), by undersigned counsel, Olga Aleinik Esq., of the Aleinik Law Firm, PLLC, respectfully requests that the above-captioned Chapter 11 case be dismissed, pursuant to 11 U.S.C. § 1112(b)(1), and in support thereof avers as follows:

**JURISDICTION**

1. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1334 and 157.

**STATEMENT OF FACTS**

2. I am the attorney for the Debtor in the above-captioned case and after the review of the Debtor's documents and having discussed at length with the Debtor, am fully familiar with the facts therein.

3. On March 10, 2025 (the "Petition Date"), the Debtor filed a voluntary petition with the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") for relief under Chapter 11 of Title 11, United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). *See ECF Doc. No. 1*.

4. During the pendency of the instant case, Galina Grigoryevna Goldberg, the Debtor herein, worked diligently to obtain ballots and confirm a consensual Chapter 11 plan of reorganization. Notwithstanding the Debtor's efforts, he was not able to obtain a consenting ballot in favor of his Chapter 11 plan of reorganization. Therefore, the Debtor has made decision to voluntarily dismiss the instant Chapter 11 case, in order to file a new bankruptcy case under Subchapter V Chapter 11 and proceed with a non-consensual confirmation of Subchapter V Chapter 11 plan.

5. Therefore, the Debtor respectfully requests that the case should be dismissed, rather than converted, as a conversion would incur significant administrative costs to the estate of the Debtor, and inadvertently result in a lower distribution to the Creditors of the estate.

6. In light of the above stated, the Debtor is respectfully seeking dismissal of the case. The Debtor believes that said dismissal is in the best interest of estate and Creditors.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order, in a form similar to the attached Proposed Order, dismissing chapter 11 case of Boris Kovler, pursuant to 11 U.S.C. § 1112 (b)(1), and for such other and further relief as the Court deems just and proper.

Dated: March 11, 2026
Brooklyn, New York

*/s/ Olga Aleinik*
Olga Aleinik
Aleinik Law Firm, PLLC
620 Fifth Avenue, 2 Floor,
New York, NY 10020
718-909-1989
Email: oaleinik@aleiniklaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

| | |
|---|---|
| In re:<br><br>Galina Grigoryevna Goldberg,<br><br>Debtor. | Case No.: 1-25-41152-JMM<br>Chapter 11 |

-----------------------------------------------------------X

**ORDER DISMISSING CHAPTER 11 CASE**

Upon the Motion (the "Motion") dated March 11, 2026 filed by the above-captioned debtor; and upon the hearing on the Motion to be held before this Court on **April 22, 2026**, and it appearing that good and sufficient notice of the motion and the hearing having been given, and cause existing for the relief requested, as set forth in the record of the hearing, it is

**ORDERED**, under 11 U.S.C. § 1112(b)(1), that this case commenced under Chapter 11 of the Bankruptcy Code be and is hereby DISMISSED; and it is further

**ORDERED** that all prior orders of the Court in the Debtor's Bankruptcy Case shall survive the closing of the Debtor's Bankruptcy Case and remain in full force and effect; and it is further

**ORDERED**, that the Debtor pay to the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930 and any applicable interest pursuant to 31 U.S.C. § 3717 within ten (10) days of the entry of this order.